WILLIAM J. DUFFEY AND FRIEDA M. DUFFEY, PETITIONERS *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT

Docket No. 29300-86.          Filed July 21, 1988.

*G. Alohawiwoole Altman,* for the petitioners.
*Henry E. O'Neill,* for the respondent.

OPINION

KÖRNER, *Judge:* This case is now before us on respondent's motion to disqualify petitioners' counsel G. Alohawiwoole Altman (Altman). The basis of respondent's motion is that he intends to call Altman as a witness at the trial of this case.

Rule 201(a)[1] governs the conduct of attorneys before this Court. It provides that attorneys practicing before this Court "shall carry on their practice in accordance with the letter and spirit of the Rules of Professional Conduct of the American Bar Association." Rule 3.7(a) of the American Bar Association Model Rules of Professional Conduct (ABA rule 3.7(a)) limits the circumstances in which an attorney may act as both an advocate and a witness at a trial. It provides in relevant part that:

(a) A lawyer shall not act as advocate at a trial in which the lawyer is likely to be a necessary witness except where:

(1) the testimony relates to an uncontested issue;
(2) the testimony relates to the nature and value of legal services rendered in the case; or
(3) disqualification of the lawyer would work substantial hardship on the client.

The first step in our analysis is to determine whether Altman is "likely to be a necessary witness" at the trial of this case. If he is, ABA rule 3.7(a) requires him to be disqualified from representing petitioner at trial unless one of that rule's three exceptions applies.

The central issues in this case are whether petitioners received unreported income from the illegal distribution of drugs and, if so, whether their failure to report that income was due to fraud within the meaning of section 6653(b). The issue of fraud assumes further importance as respondent has asserted fraud as a defense to the statute of limitations' defense raised by petitioners in their petition. See sec. 6501(c)(1).

We note at the outset that respondent bears the burden of proving the existence of fraud and that the existence of fraud is a factual question to be resolved upon consideration of the entire record. Sec. 7454(a); Rule 142(b); *Mensik v. Commissioner*, 328 F.2d 147, 150 (7th Cir. 1964), affg. 37 T.C. 703 (1962), cert. denied 379 U.S. 827 (1964); *Gajewski v. Commissioner*, 67 T.C. 181, 199 (1976), affd. without published opinion 578 F.2d 1383 (8th Cir. 1978). Respondent has alleged as part of his fraud case that petitioners utilized

---

[1] All statutory references are to the Internal Revenue Code of 1954 as in effect in the years in issue, and all Rule references are to the Tax Court Rules of Practice and Procedure, except as otherwise noted.

various trusts as nominees to hold title to assets derived from their unreported income, and that they failed to maintain complete and accurate records of their income-producing activities.

The stipulated exhibits establish that Altman prepared petitioners' joint Federal income tax returns for 2 of the 3 years at issue, and that his firm prepared the return for the remaining year. In addition, the stipulated exhibits establish that Altman was counsel for various trusts in which petitioners held an interest. Whether petitioners concealed the unreported income that they allegedly received from illegal activities from Altman, their tax return preparer, is a fact that is relevant to the issue of fraud. *Merritt v. Commissioner*, 301 F.2d 484, 487 (5th Cir. 1962), affg. T.C. Memo. 1959-172; *Styron v. Commissioner*, T.C. Memo. 1987-25. Whether petitioners attempted to conceal unreported income by making false statements to Altman as to the purpose of the trusts and the source of the assets contained in them is similarly a fact that is relevant to the issue of fraud. *Spies v. United States*, 317 U.S. 492, 499 (1943). Altman's position as preparer of petitioners' returns and as counsel to their trusts makes his testimony uniquely valuable, on a principal issue in the case. In these circumstances, we agree with respondent that it would be highly desirable, even necessary, to call Altman as a witness in order to question him on subjects related to the fraud issue. Cf. *Cannon Airways, Inc. v. Franklin Holdings Corp.*, 669 F. Supp. 96, 102 (D. Del. 1987) (holding that attorney is not necessary witness if his testimony would be merely cumulative). We accordingly conclude that ABA rule 3.7(a) applies to bar Altman from representing petitioners at trial unless one of its three exceptions applies.

Petitioners argue that two of the exceptions apply, and that Altman is therefore entitled to represent petitioners even if it is likely that he will be called as a necessary witness.

Petitioners first argue that any testimony given by Altman would relate to an uncontested issue. We disagree. Respondent states that he intends to question Altman to obtain testimony relative to the addition to tax for fraud. The parties dispute whether the addition applies. It is

therefore clear that the testimony that respondent seeks from Altman does not relate to an uncontested issue.

Petitioners' second argument is that the disqualification of Altman would cause them substantial hardship. Petitioners argue that Altman has developed a unique familiarity with their financial affairs which has made him irreplaceable as counsel for petitioners. In addition, petitioners argue that Altman is representing them pro bono and that they will be unable to afford to retain another attorney if he is disqualified.

With respect to petitioners' argument that Altman is irreplaceable, we believe that petitioners have ample time to retain another attorney and to allow that attorney to prepare for trial. Respondent properly and commendably brought this matter to the attention of petitioners and this Court well before the case was set for trial.[2] This is therefore not a case in which a disqualification will occur on the eve of a trial so as to make it difficult for petitioners to obtain competent replacement counsel. See *Jones v. City of Chicago,* 610 F. Supp. 350, 361 (N.D. Ill. 1984) (concluding that substantial hardship does not exist when the lawyer and client knew, or should have known, of the potential for disqualification well before trial).

With respect to petitioners' argument that they are too destitute to pay for counsel, we are simply unconvinced that that is the case. Petitioners admit in their memorandum in opposition to respondent's motion to disqualify Altman that they have already retained an attorney to serve as Altman's co-counsel and that the attorney bills them on an hourly basis. In sum, we are unconvinced that Altman's disqualification would create a substantial hardship for petitioners.

As we have concluded that Altman is likely to be called as a necessary witness, and as we have been unable to conclude that an exception to disqualification applies, we hold that ABA rule 3.7(a) requires Altman to be disqualified from representing petitioners at trial.

---

[2]The fact that respondent raised this matter well before the case was set for trial indicates to us that his motion was not made as a tactical move merely to disadvantage petitioners. Cf. *Optyl Eyewear Fashion International Corp. v. Style Companies, Ltd.,* 760 F.2d 1045, 1050-1051 (9th Cir. 1985).