**Ralph C. BUELOW, Petitioner–
Appellant,**

v.

**COMMISSIONER OF INTERNAL
REVENUE, Respondent–
Appellee.**

**No. 90–3839.**

United States Court of Appeals,
Seventh Circuit.

Argued April 30, 1992.

Decided Aug. 12, 1992.

Robert A. Adman (argued), Appleton, Wis., for petitioner-appellant.

Abraham N.M. Shashy, Jr., I.R.S., Richard Farber, Gary R. Allen, Deborah Swann, Sara Ann Ketchum (argued), Dept. of Justice, Tax Div., Appellate Section, Charles S. Casazza, U.S. Tax Court, Washington, D.C., for respondent-appellee.

Before CUDAHY and KANNE, Circuit Judges, and ESCHBACH, Senior Circuit Judge.

KANNE, Circuit Judge.

From 1979 to 1983, Ralph Buelow and his family lived on a dairy farm which he owned and operated in Chilton, Wisconsin. His daughter, Bonnie Casper, and her husband lived in another building on the farm. On June 1, 1980, Mr. Buelow executed a "Declaration of Trust," which purported to create the "Buelow Farms Trust" (trust). Mr. Buelow's wife, Carol Buelow, and Bonnie Casper were named as trustees. The declaration did not identify the beneficiaries of the trust. Four days later, Mr. Buelow executed a quitclaim deed which purported to transfer the farm and his personal property to the trust.

Although the Buelow family continued to live on the farm until some time in 1983, they did not pay any rent to the trust after the transfer of the property in June 1980. Bonnie Casper and her husband continued to live on the farm until November 1987, but did not pay rent to Mr. Buelow prior to June 1980 or to the trust after that time. Mr. Buelow's activities on the farm were the same after June 1980 as they had been prior to the creation of the trust. He continued to sell milk and grain and received payments by check, some of which were made payable to him. The Buelow's only source of income for their living expenses was money received from the operation of the farm.

Fiduciary income tax returns (Forms 1041) were filed on behalf of the trust for the fiscal years 1980 through 1987.[1] However, Mr. Buelow did not file income tax returns (Forms 1040) for the taxable years 1979 through 1983. In 1983, after Mr. Buelow failed to attend an appointment scheduled by the IRS, the IRS began an audit. Through information supplied by third parties, the IRS determined deficiencies in Mr. Buelow's income taxes for the years 1979 through 1983. The IRS also determined that he was liable for penalties for failing to file tax returns and pay estimated taxes and for negligently or intentionally disregarding its rules and regulations. A notice of deficiency was sent to Mr. Buelow, and he filed a petition in the tax court protesting the deficiency. Because Mr. Buelow was in prison for arson at that time, the trial was postponed until his release.

During discovery, the IRS made repeated attempts to obtain documents from Mr. Buelow pertaining to the operation of the farm. Mr. Buelow claimed that he had no access to the farm records because he was not an officer or trustee of the trust. Prior to trial, the IRS served subpoenas duces tecum upon Carol Buelow and Bonnie Casper requiring them to produce the books and records of the trust. They failed to comply, and also disregarded a tax court

---

1. Although some of the returns could not be located by the IRS, the Commissioner acknowl-edged at trial that the returns had been filed for those years.

order that they produce the requested records.[2]

At trial, Mr. Buelow called no witnesses, presented little evidence, and testified only briefly. He testified that he did not control the trust or receive income from the trust, but did not testify about the farm income or expenses for the years at issue. The IRS called the investigating IRS agent, Carol Buelow and Bonnie Casper as witnesses. In a memorandum opinion, the tax court found that Mr. Buelow had refused to present any credible evidence or testimony to support his petition, and that he had failed to offer evidence as to his income from 1979 to 1983. The court also found that Mr. Buelow's testimony and the testimony of his family was vague and contradictory. When asked about the records of the trust, Mr. Buelow contended that he had no control over them, even though his wife and daughter were the purported trustees. Carol Buelow and Bonnie Casper did not bring the records to the trial, and Carol Buelow would not answer certain questions on the basis that she was subpoenaed as an individual and not as a trustee. She acknowledged, however, that she possessed the farm records. The court concluded that Mr. Buelow had acted in concert with his wife and daughter to deny the IRS and the court access to pertinent evidence concerning the income of the farm.

Additionally, the tax court found that the trust did not comply with the requirements of state law because there was no bona fide intent to create a trust and because the beneficiaries were not identified. The

court noted that Mr. Buelow continued to work in the same capacity on the farm after its purported transfer to the trust as he had before that time, that checks from the sale of milk and grain continued to be issued in his name, that although Mr. Buelow stated that he received no income from his work on the farm he was not otherwise employed, and that distributions were not made by the trust to any beneficiaries.[3] Accordingly, the court determined that the evidence did not support Mr. Buelow's contention that the trust was created for the benefit of the beneficiaries but instead established that Mr. Buelow continued to control the purported trust and that the trustees merely acted as his agents.

Finally, the tax court found that the quitclaim deed used to transfer the property to the trust was insufficient to establish what property was actually transferred. The court held that the trust was a sham which should be disregarded for federal tax purposes and concluded that the income generated from the farm was taxable to Mr. Buelow.[4] *See Schulz v. Commissioner,* 686 F.2d 490 (7th Cir.1982). The court also sustained the deficiencies as determined by the IRS, upheld the penalties imposed by the IRS for negligence and failure to file returns and to pay estimated taxes, and imposed damages against Mr. Buelow in the amount of $5,000 under § 6673 of the Internal Revenue Code on the basis that his petition was frivolous and that his purpose in bringing the action was to delay the payment of taxes. Mr. Buelow appeals and we affirm.[5]

**2.** Carol Buelow and Bonnie Casper each appealed to this court from the tax court's order that they comply with the subpoenas. Their appeals were dismissed for lack of jurisdiction in separate unpublished orders.

**3.** Mr. Buelow stated that he originally held the certificates of beneficial interest and had given them to someone else at some point. Neither Mr. Buelow nor the trustees identified the recipients of the certificates or the number of certificates which were distributed.

**4.** We note that in Mr. and Mrs. Buelow's criminal arson trial, the state trial court denied their request for appointed counsel on the basis that they were not indigent. The court found that

the trust was a sham, that they were the actual and constructive owners of the trust property, and that they had sufficient assets to disqualify them for appointed counsel. *See Buelow v. Dickey,* 847 F.2d 420, 422 (7th Cir.1988), *cert. denied,* 489 U.S. 1032, 109 S.Ct. 1168, 103 L.Ed.2d 227 (1989). Therefore, although Mr. Buelow argued that the trust was valid before the Tax Court, he knew that the state court had found that the trust was a sham.

**5.** Mr. Buelow does not address the tax court's findings that he is liable for penalties for negligence and for failing to pay estimated taxes imposed by the IRS, and for damages pursuant to § 6673 of the Internal Revenue Code. Therefore, we will not consider those findings. *See*

■ Mr. Buelow does not contest the tax court's findings that the trust was a sham and that the income generated by the farm is taxable to him. He asserts, however, that the deficiencies determined by the IRS were arbitrary and excessive because the IRS failed to allow deductions for expenses incurred in operating the farm.[6] Rule 142 of the tax court states that the burden of proof in a tax court proceeding is on the petitioner. *Hintz v. Commissioner*, 712 F.2d 281, 286 (7th Cir.1983). Tax determinations made by the Commissioner are presumed to be correct, and specific evidence to support a claimed deduction is necessary to refute this presumption. *Id.; United States v. General Dynamics Corp.*, 481 U.S. 239, 245, 107 S.Ct. 1732, 1737, 95 L.Ed.2d 226 (1987); *Portillo v. Commissioner*, 932 F.2d 1128, 1133 (5th Cir.1991); *Colonial Savings Ass'n & Subsidiaries v. Commissioner*, 854 F.2d 1001, 1006 (7th Cir.1988), *cert. denied*, 489 U.S. 1090, 109 S.Ct. 1556, 103 L.Ed.2d 859 (1989); *Pfluger v. Commissioner*, 840 F.2d 1379, 1382 (7th Cir.), *cert. denied*, 487 U.S. 1237, 108 S.Ct. 2906, 101 L.Ed.2d 938 (1988); *Gatlin v. Commissioner*, 754 F.2d 921, 923 (11th Cir.1985). The tax court's determination that a taxpayer has failed to come forward with sufficient evidence to support a deduction is a factual finding subject to reversal only if found to be clearly erroneous. *Sandvall v. Commissioner*, 898 F.2d 455, 458 (5th Cir.1990).

Mr. Buelow failed to present evidence to the tax court which would entitle him to any deductions for farm expenses beyond those determined by the IRS from information supplied by third parties. The tax court did not believe that Mr. Buelow was unable to obtain the farm records from his wife and daughter (the trustees), and, although he operated the farm during the years at issue, he failed to present any testimony regarding the amount of expenses incurred in the operation of the farm. Mr. Buelow's argument that the

IRS erred in failing to request the farm records from his wife and daughter until the time of trial has no merit. The IRS considered the trust to be a sham; therefore, the IRS sought the farm records from Mr. Buelow as operator of the farm. It is irrelevant that the records were not in his possession.

Further, Mr. Buelow did not question his wife and daughter about the farm expenses at trial. The tax court was under no obligation to guess as to the amount of the farm expenses. *See Pfluger*, 840 F.2d at 1386 (court refused to guess amount of expenses taxpayer could have deducted where taxpayer failed to prove expenditures); *Lerch v. Commissioner*, 877 F.2d 624, 627–29 (7th Cir.1989) (refusing to apply rule of *Conan v. Commissioner*, 39 F.2d 540 (2d Cir.1930), that a court may make estimations when some evidence is offered, where taxpayer could have but failed to present evidence to support the claimed deductions).

Mr. Buelow's suggestion that he was excused from his burden of proof because the records were possessed by a third party is unconvincing. The tax court reasonably found that Mr. Buelow had acted in concert with his wife, who possessed the records, to deny the IRS and the court access to the records.

■ Mr. Buelow also maintains that the tax court incorrectly sustained the penalty imposed by the IRS under § 6651 of the Internal Revenue Code, 26 U.S.C. § 6651. Section 6651 imposes additions to tax for the failure to file an income tax return when due unless it is shown that such failure is due to reasonable cause and not due to willful neglect. The amount of the penalty is 5% of the amount of the tax required to be reported on the return for each month the return remains unfiled up to a maximum penalty of 25%. *See* 26 U.S.C. § 6651(a). Taxpayers bear the bur-

---

*Wilcox v. Commissioner*, 848 F.2d 1007, 1008 n. 2 (9th Cir.1988) (arguments not raised in appeal brief are deemed abandoned).

**6.** Mr. Buelow argues that this is not a deductions case. We disagree. Mr. Buelow argued

before the tax court that he did not control the trust and that he had received no income from the trust. On appeal, however, Mr. Buelow does not contest the finding that the trust was a sham but instead challenges the deficiencies as determined by the IRS.

den of proving that additions to tax are improperly determined. *Pollard v. Commissioner,* 786 F.2d 1063, 1067 (11th Cir. 1986).

Mr. Buelow acknowledges that he failed to file income tax returns for the years at issue. However, he contends on appeal that the fiduciary trust returns filed on behalf of the trust and signed and verified by his wife as trustee reported all of his income and can be deemed to be his tax returns. This argument, which Mr. Buelow failed to raise before the tax court, is unavailing. As the tax court noted, the trust was not created until June 1980 and therefore any income earned by Mr. Buelow in 1979 and during the first half of 1980 was his, and he was required to file federal income tax returns for those years. *See* 26 U.S.C. § 6012.

■ As the Commissioner contends, the fiduciary tax returns filed on behalf of the trust did not purport to be Mr. Buelow's income tax returns and were not signed by him. IRS regulations require that a tax return contain or be verified by a signed declaration by the taxpayer that it is made under the penalties of perjury. *See* 26 U.S.C. § 6065; *United States v. Moore,* 627 F.2d 830, 834 (7th Cir.1980), *cert. denied,* 450 U.S. 916, 101 S.Ct. 1360, 67 L.Ed.2d 342 (1981). A document purporting to be a return that does not contain a verified signature of the taxpayer does not constitute a return under the Internal Revenue Code. *Id.* The fiduciary returns fail to meet this requirement; therefore, they cannot be considered as returns of Mr. Buelow. *See Durovic v. Commissioner,* 487 F.2d 36 (7th Cir.1973) (taxpayer's claim that partnership tax return filed by partnership in which he was a partner should be deemed to be his return for purposes of commencing the statute of limitation for assessment was rejected), *cert. denied,* 417 U.S. 919, 94 S.Ct. 2625, 41 L.Ed.2d 224 (1974). *Cf. Commissioner v. Lane–Wells Co.,* 321 U.S. 219, 64 S.Ct. 511, 88 L.Ed. 684 (1944) (rejecting petitioner's claim that its failure to file two required returns was excused because one return contained information sufficient for both returns).

Mr. Buelow's reliance on *Germantown Trust Co. v. Commissioner,* 309 U.S. 304, 60 S.Ct. 566, 84 L.Ed. 770 (1940) is misplaced. In *Germantown,* a trust company successfully argued that its fiduciary return (which contained all the data from which a tax could be computed and assessed) was a return for purposes of starting the statute of limitation for assessment although the wrong form had been used. Unlike the present case, the fiduciary return in *Germantown* purported to be the return of the taxpayer and was duly signed by its officials. Here, the fiduciary returns purported to be the returns of an entity separate from Mr. Buelow and were not signed by him.

The judgment of the tax court is AFFIRMED.