993 F.2d 1550
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
Lorin J. STEINES and Jane E. Steines, Petitioners-Appellants,
v.
COMMISSIONER OF INTERNAL REVENUE, Respondent-Appellee.
 No. 91-3632.
 United States Court of Appeals, Seventh Circuit.
 Submitted April 20, 1993.*
Decided May 17, 1993.
Rehearing Denied July 6, 1993.
 
 Before COFFEY, FLAUM and ROVNER, Circuit Judges.
 
 ORDER
 
 1
 Taxpayers Lorin J. and Jane E. Steines petitioned for redetermination of the Commissioner of Internal Revenue's (Commissioner) assessment against them for tax deficiencies related to business deductions and additions to tax for the tax years 1984 and 1985. The United States Tax Court allowed some deductions, denied others, and sustained the additions to tax for negligence and understatement of tax liability. We affirm.
 
 I. BACKGROUND
 
 2
 Lorin Steines was employed by John Deere Harvester Works at Deere & Company and earned $48,083.84 and $52,072.76 in 1984 and 1985 respectively. The Steines earned additional income through involvement with the A.L. Williams and Herbalife businesses. Petitioners operated these businesses out of their home and out of a partially furnished garage located next door on Lorin's brother's property. In general, assets between the two businesses were shared. Tax returns for 1984 and 1985 reflected losses on both businesses and losses from the rental of a Bettendorf, Illinois, office building in which petitioners owned interest. In addition, petitioners filed an amended tax return in 1987, subtracting an additional amount from their income for the 1984 tax year. In 1988, the IRS assessed deficiencies in the Steines income taxes for the years 1984 and 1985 and imposed penalties for negligently or intentionally disregarding IRS rules and regulations and for a substantial understatement of tax liability. The Steines petitioned the Tax Court for review of the Commissioner's determinations against them. Although the Tax Court did allow some deductions, it found that the Steines had failed to disprove the Commissioner's deficiency assessments in total and accordingly sustained additions for negligence and understatement of tax liability.
 
 
 3
 On appeal, taxpayers assert that the Tax Court erred in disallowing deductions and assessing penalties "without support of substantial evidence" from the Commissioner. Appellant's Br. at 1. The Steines argue that they met their burden by presenting "substantial evidence that established that their deductions were incurred during the taxable years and that the deductions were ordinary and necessary ..." and thus, shifted the burden of proof to the IRS to disprove their deductions. Id. at 18. Without such "rebuttal" evidence to disprove their claimed deductions, the Steines contend that the Tax Court's decision to disallow their deductions was erroneous.[1] This argument, however, misapprehends the burden of proving entitlement to a particular tax deduction.
 
 II. ANALYSIS
 
 4
 As a general rule, the Commissioner's determination of a deficiency is entitled to a presumption of correctness, and it is the taxpayer's burden to prove the determination to be incorrect. Buelow v. Commissioner, 970 F.2d 412, 415 (7th Cir.1992); Lerch v. Commissioner, 877 F.2d 624, 631 (7th Cir.1989). To overcome the presumption, the taxpayer must present specific "competent and relevant credible evidence which is sufficient to establish that the Commissioner's determination was erroneous." Lerch, 877 F.2d at 631 (internal quotations and citations omitted). The Commissioner then has the burden of going forward with the evidence. Id.; Buelow, 970 F.2d at 415.
 
 
 5
 Petitioner's argument is correct to the extent that "[a] taxpayer's uncontradicted testimony is sufficient to establish that the Commissioner's determinations are erroneous." Lerch, 877 F.2d at 631. However, if the Tax Court finds the taxpayer's uncontradicted testimony to be incredible, it may be disregarded. Id. The Tax Court's credibility determinations are entitled to deference, Gold Emporium, Inc. v. Commissioner, 910 F.2d 1374, 1379 (7th Cir.1990), as is the court's factual determination that a taxpayer has failed to present sufficient evidence to support a claimed deduction. Buelow, 970 F.2d at 415.
 
 
 6
 This is precisely what the Tax Court found here. It is not disputed that the Steines presented evidence in support of their claimed deductions. This evidence was examined and weighed by the Tax Court in making its findings of fact. On appeal, these factual findings are reviewed under the clearly erroneous standard and will not be reversed if " 'the evidence is plausible in light of the record viewed in its entirety.' " Lerch, 877 F.2d at 630 (quoting Anderson v. City of Bessemer City, 470 U.S. 564 (1985)).
 
 A. Office Rental
 
 7
 The Steines correctly state that they bear the burden of proving to the Tax Court that the claimed business deductions were incurred during the taxable years and deductible under the law. 26 U.S.C. § 162. In support of their claimed deductions for office rental expenses, taxpayers presented copies of lease agreements, copies of rent receipts, and testimony from both the landlord and the taxpayers that the rent claimed was paid in cash. Doubting the authenticity of the lease and receipt documents, the court further inquired about the cash transactions. Neither the taxpayer nor the landlord could provide evidence of cash withdrawals, cash deposits, or other satisfactory proof of the purported cash transactions. Accordingly, the Tax Court found their evidence insufficient to support a deduction for rental payments of $1,000 per month during 1984 and $1,250 per month during 1985. Moreover, it found these amounts "grossly excessive."[2] After examining the record, we cannot say that the Tax Court was unjustified in its noted credibility reservations.
 
 
 8
 Even in the absence of adequate records to substantiate the claimed amount, however, the Tax Court may estimate expenses if it finds that the evidence supports the claim that the taxpayer has incurred some deductible expenses, Cohan v. Commissioner, 39 F.2d 540, 543-44 (2d Cir.1930), and that the taxpayer has made a good faith effort to cooperate with the Commissioner and the Tax Court. Lerch, 877 F.2d at 628-29; Pfluger v. Commissioner, 840 F.2d 1379, 1383 (7th Cir.), cert. denied, 487 U.S. 1237 (1988). Having so found, the Tax Court allowed taxpayers a deduction of $120 per month as an estimate of the fair market rental value of the garage-office. Our review of the record leaves us no reason to conclude that these factual findings regarding office rental deductions were clearly erroneous.
 
 B. Home Office Expenditures
 
 9
 Taxpayers argue incorrectly that home office expenditures that were "appropriate and helpful" are deductible as "ordinary and necessary" business expenses. Appellant's Br. at 19. This is no longer the standard applied to determine home office deductibility. See Meiers v. Commissioner, 782 F.2d 75, 77 (7th Cir.1986). Under 26 U.S.C. § 280A(c)(1)(A), a taxpayer is allowed a home office deduction only if the office is exclusively used on a regular basis as the principal place of business. Cadwallader v. Commissioner, 919 F.2d 1273, 1274 (7th Cir.1990); see generally Commissioner v. Soliman, 113 S.Ct. 701 (1993) (requires a comparative analysis of the various business locations, including analysis of the relative importance of functions performed at each location in light of the nature of the business). Section 280A imposes a heavy burden on taxpayers to prove that their home office expenses meet the stringent standard for deductibility. Meiers, 782 F.2d at 77.
 
 
 10
 Applying this standard, the Tax Court held that petitioners were entitled to deduct a percentage of their utilities proportionate to the percentage of the house which was used exclusively and on a regular basis as petitioner's principal place of business. After trial, the court found that the Steines regularly and exclusively used for business purposes only the file room and the computer room. The court further found taxpayer's testimony and diagrams purporting to demonstrate that the first-level living room area and "main" entry area were used exclusively for business purposes incredible and unconvincing and accordingly rejected this area from inclusion.[3] This determination reduced the percentage from 38.5 to 7 percent of their house as a home office. Appellant's argument that the court erred in its determination is without support. Giving deference to the Tax Court's credibility determinations, these findings were not clearly erroneous.
 
 C. Automobile Expenses
 
 11
 Similar credibility determinations led the Tax Court to conclude that not all claimed automobile expenses were business related. Specifically, the Tax Court found incredible Lorin Steines' testimony that a family trip to Florida was a business promotion trip for his employees, i.e., his children, and was to pursue prospective business dealings with his sister-in-law. Accordingly, the court found the trip to be a nondeductible personal expense. Pursuant to section 162 of the Internal Revenue Code, in order to claim a deduction for the expense of operating an automobile in the conduct of a trade or business, a taxpayer bears the burden of proving such expense with adequate records or by sufficient evidence corroborating his own statement, to establish: (A) the amount of such expense, (B) the time and place of the travel, and (C) the business purpose of the expense. Aside from a copy of a diary/log containing entries of people, places, and purported mileage, petitioners had no receipts or other credible evidence to corroborate the diary/log and to rebut the Commissioner's deficiency determination. [Exhibits 8, 9, 19 and 20--stipulated evidence]. Satisfied that petitioner had incurred some expenses, however, the Tax Court approximated the amount of deduction under the Cohan rule and allowed petitioners to deduct twenty percent of the claimed expenses. Upon review of the record, we cannot say that the court's finding that the Steines had failed to substantiate their automobile expenses was in error.
 
 D. Depreciation
 
 12
 Taxpayers also claimed under section 167 depreciation of business assets including their audio and video equipment, their computer, and in 1984, their van. In accordance with the deduction allowed for automobile expenses, the Tax Court allowed a twenty percent depreciation deduction for the van. It also upheld the deduction for the computer and only the audio and video equipment in the garage-office. Contrary to Appellant's argument, whether depreciation was allowed for claimed business assets did not hinge only on whether the assets were stored in an area used for business as opposed to a personal area such as a home. Appellant's Br. at 16. Rather, to permit a deduction for depreciation, the property must be "used in the trade or business." 26 U.S.C. § 167(a). Under this standard, the Tax Court properly denied a depreciation deduction for a video camera relying on Lorin Steines' testimony that it was unusable for the business purpose intended. Order March 6, 1991; (March 15, 1989, Tr. at 75). Evidence of use of the other equipment also consisted entirely of Lorin's uncorroborated testimony, which the Tax Court found unpersuasive and incredible. The Tax Court's credibility determinations are entitled to deference, see Gold Emporium, 910 F.2d at 1379, and we discern no reason from the record to conclude that the court erred in its factual findings.
 
 E. Investment Tax Credit
 
 13
 We likewise see no clear error in the Tax Court's finding that the taxpayers had failed to rebut the Commissioner's determination that audio and video equipment on which taxpayers claimed an investment tax credit was not used as business property. As noted above, the determination did not depend solely on where the property was stored. Appellant's Br. at 16. But rather, the court's factual determination looked to all of the evidence to substantiate the use of the equipment, not simply to its location. Finding that taxpayers had not proved that the Commissioner's determination that sixty percent of the investment tax credit taken on the audio and video equipment was in error, the court allowed for recapture. In accord with the court's determination that the van was used only twenty percent for business, the recapture of investment tax credit was properly limited to the eighty percent non-business use.
 
 F. Penalties
 
 14
 The Steines also maintain that the Tax Court incorrectly sustained the penalties imposed by the IRS under 26 U.S.C. §§ 6653(a)(1), (2) and 6661. The Taxpayer bears the burden of proving that the Commissioner's additions to tax are improperly determined. Buelow, 970 F.2d at 415-16 (penalty under § 6651); Pfluger, 840 F.2d at 1386 (negligence penalty under § 6653). Section 6653(a)(1) provides for an addition to tax in the amount of five percent of the deficiency if the underpayment is due to negligence or intentional disregard of the rules and regulations. Section 6653(a)(2) provides for a further addition to tax in the amount of fifty percent of the interest payable on the portion of the deficiency attributable to negligence or intentional disregard. The Tax Court considered the failure to maintain adequate records sufficient evidence of a lack of due care. Nothing in the record or the parties' briefs convinces us that these actions were due to anything but taxpayers' negligence, and therefore, we affirm the Tax Court's findings.
 
 
 15
 Finally, section 6661 imposes additions to tax of twenty-five percent where the taxpayer has substantially understated his tax liability without substantial authority for the deductions claimed. The Tax Court imposed the additions to tax pursuant to section 6661, finding that taxpayers had not provided substantial authority for the deductions which they had conceded or which the court disallowed nor had they adequately disclosed the relevant facts affecting the tax treatment of these items on their returns. We cannot conclude that these findings are clearly erroneous.
 
 
 16
 AFFIRMED.
 
 
 
 *
 After preliminary examination of the briefs, the court notified the parties that it had tentatively concluded that oral argument would not be helpful to the court in this case. The notice provided that any party might file a "Statement as to Need of Oral Argument." See Fed.R.App.P. 34(a); Circuit Rule 34(f). Appellants have filed such a statement and requested oral argument. Upon consideration of that statement, the briefs, and the record, the request for oral argument is denied and the appeal is submitted on the briefs and record
 
 
 [1]
 Appellants argue at some length that they were misled during pre-trial negotiations as to what evidence would be required by the court to substantiate their claimed deductions. In reliance on these alleged misrepresentations, taxpayers contend that they did not offer certain evidence at trial to prove the deductions. Apparently, evidence of these agreements was stored in the garage-office and was lost or confiscated when Lorin's brother was evicted from the property in February of 1990. Taxpayers assert that if they had access to this evidence they could prove the agreements, the alleged misrepresentations, and ultimately their claimed deductions. Accordingly, they claim a deprivation of their due process rights as a result. By taxpayers' own admission, however, this event took place after the trial and thus, did not prevent them from presenting this evidence to the court. They also fail to demonstrate what evidence they would have offered to prove their claimed deductions. Moreover, taxpayers raised this issue before the Tax Court in three separate motions for reconsideration. They have therefore received all the process due
 
 
 [2]
 Taxpayers argue that a prospective witness, Tim Fisher, who was scheduled to be called by the Commissioner, would have substantiated the potential cash-making ability of A.L. Williams. In the taxpayers' view Fisher would have testified that the business could provide the cash needed to make rental payments. Without notice to taxpayers, however, this witness did not testify and taxpayers claim a deprivation of due process as a result. As the respondent's witness, we perceive no due process violation in its decision not to call one of its own witnesses. Furthermore, nothing prevented taxpayers from calling Fisher on their behalf if they chose to do so
 
 
 [3]
 Again, Appellant's argue that the testimony of Tim Fisher would have substantiated the exclusive use of this area for business. They claim that respondent's decision not to call this witness violated the pre-trial "good faith" agreements and deprived appellants of due process. We have considered and rejected this argument previously. See Footnote 2