4 F.3d 996
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
Gerald F. DORSCH, Petitioner-Appellant,
v.
COMMISSIONER OF INTERNAL REVENUE, Respondent-Appellee.
 No. 92-2920.
 United States Court of Appeals, Seventh Circuit.
 Submitted Aug. 17, 1993.*
Decided Aug. 30, 1993.
Rehearing and Suggestion for Rehearing In Banc
Denied Oct. 13, 1993.
 
 Before BAUER, Chief Judge, and MANION and FAIRCHILD, Senior Circuit Judge.
 
 ORDER
 
 1
 Gerald F. Dorsch appeals pro se from a decision of the United States Tax Court determining his tax liability for the years 1987 and 1988. The Tax Court upheld the Commissioner's deficiency determination and additions to tax and imposed a penalty against Dorsch pursuant to 26 U.S.C. Sec. 6673 for bringing a frivolous action.
 
 I. BACKGROUND
 
 2
 Dorsch did not file tax returns for either 1987 or 1988. The Internal Revenue Service reconstructed Dorsch's income for these years and concluded that he owed taxes of $5,562 for 1987 and $5,442 for 1988. The IRS also concluded that Dorsch owed additions to tax exceeding $3,260. Dorsch petitioned the Tax Court for redetermination of the deficiencies and additions to tax. Dorsch also alleged that the procedures used to determine the assessments were deficient. Finally, he added that the Sixteenth Amendment to the Constitution is null and void because it was not properly ratified.
 
 
 3
 Before trial, Dorsch stipulated that he received income for 1987 and 1988 in the amounts determined by the IRS. Although he claimed that the stipulation was coerced, he nonetheless offered no evidence to rebut the assessed deficiencies or additions to tax. Given the stipulation, the Court informed Dorsch that if the only argument he sought to present was a challenge to the constitutionality of the Sixteenth Amendment, the Court would contemplate imposing a penalty for bringing a frivolous case. In his trial memorandum, Dorsch argued only that the Tax Court lacked jurisdiction to hear the case because the deficiency notices were invalid on two grounds: (1) they allegedly were based on substitute returns and (2) they allegedly were issued without permitting Dorsch to exhaust his administrative remedies.
 
 
 4
 After trial, the Court found Dorsch liable for income tax and statutory additions determined by the Commissioner. The Court concluded that it was unnecessary to address whether the Commissioner properly prepared substitute tax returns and also concluded that Dorsch failed to provide support for his argument that he was denied an opportunity for administrative review. The Court rejected the argument that the Sixteenth Amendment is unconstitutional as frivolous and further rejected Dorsch's claim that he was entrapped or otherwise "terrorized" as being without support in the record. Finding that the action was instituted primarily for the purpose of delay, the Court also imposed a penalty of $5,000 against Dorsch pursuant to 26 U.S.C. Sec. 6673(a)(1) for bringing a frivolous action.
 
 II. ANALYSIS
 A. Jurisdiction of Tax Court
 
 5
 On appeal, Dorsch argues that the Tax Court lacked jurisdiction over his case because the notices of deficiency were invalid. He contends that the deficiency notices were invalid because the substitute tax returns upon which they were based were not prepared according to IRS regulations. He also maintains that the allegedly premature issuance of the deficiency notices deprived him of the opportunity to pursue administrative review.
 
 
 6
 It is the determination of a deficiency, rather than the filing of substitute returns that is a predicate to Tax Court jurisdiction. Hannan v. Commissioner, 52 T.C. 787, 791 (1969). The filing of a substitute tax return is not a mandatory prerequisite to issuing a statutory notice of deficiency. United States v. Verkuilen, 690 F.2d 648, 657 (7th Cir.1982); Roat v. Commissioner, 847 F.2d 1379, 1381 (9th Cir.1988). Thus, the jurisdiction of the Tax Court does not hinge on whether substitute returns were prepared in accordance with IRS regulations. Moreover, Dorsch concedes that the substitute returns were merely the basis for opening a file, and that there is no indication that the deficiency notices were premised on the substitute returns. Appellant's Br. 11.
 
 
 7
 Neither is the Commissioner required to provide a taxpayer an opportunity for administrative review before issuing a deficiency notice. See Rosenberg v. Commissioner, 450 F.2d 529, 531-33 (10th Cir.1971) (distinguishing criminal prosecutions from deficiency proceedings). In any event, Dorsch offered no evidence that he was precluded from seeking administrative review. Rather, after receiving the notice of deficiency on September 20, 1990, he waited until nearly the end of the 90-day limit to file a petition for review with the Tax Court. The record contains no evidence supporting the allegation that he attempted to seek administrative review, but was precluded.
 
 B. Exclusion of Witness Testimony
 
 8
 Dorsch alleges that the court improperly excluded testimony of certain witnesses he sought to call in support of his claim that he was entrapped by IRS "agent provocateurs" to participate in the tax protester movement and to avoid paying taxes. Moreover, Dorsch claims that he was unable to testify on his own behalf because he was "terrorized" by the IRS into not testifying.
 
 
 9
 Five months prior to trial, the Tax Court informed the parties of the trial schedule and issued a "Standing Pre-trial Order" directing the parties to file a Trial Memorandum not less than fifteen days before trial and to identify any witnesses and provide a summary of their anticipated testimony. His trial memorandum, filed on the day of trial, failed to identify any witnesses. Instead, he filed a notice and declaration stating that he was "frightened and extremely apprehensive" to appear before the court for fear that the judge would impose sanctions for bringing his claims and for fear that the IRS would subject him to criminal investigation. Despite the judge's attempt to dispel these fears, Dorsch refused to testify. He did attempt, however, to call witnesses on his behalf. But the Tax Court denied the requests for failure to comply with the pre-trial order. Aside from the unexplained delay in retaining counsel, Dorsch made no attempt to show cause for his failure to comply. As the Court noted, there was nothing preventing Dorsch from personally submitting the trial memorandum in compliance with the pre-trial order. Trial Tr. 21.
 
 
 10
 With respect to one witness, Sherman Skolnick, the Court allowed Dorsch to make an offer of proof. The proffered testimony involved allegations that the IRS was the mastermind of a scheme instigated to lure innocent citizens to participate in the tax protester movement in order to bring these individuals to financial ruin. Dorsch failed to demonstrate the relevance of his proffer, thus no foundation was established for admissibility of Skolnick's testimony. Fed.R.Evid. 103(a)(2). Another witness Dorsch sought to call was counsel for the Commissioner. In addition to the fact that Dorsch had failed to name this witness in his trial memorandum, the Court noted that it was highly improper to call counsel for the opposing party as a witness. See Duffey v. Commissioner, 91 T.C. 81, 81-84 (1988).
 
 
 11
 The only arguments Dorsch presented at trial concerned the above issues. He offered no evidence to challenge the merits of the deficiencies and additions to tax determined by the IRS.[1] Rather, he stipulated to all dollar amounts of income determined by the IRS in the notices of deficiency. Because petitioner bore the burden of rebutting the presumption of correctness accorded the Commissioner's determination, his complete failure to present any evidence entitled the IRS to judgment. See Buelow v. Commissioner, 970 F.2d 412, 415 (7th Cir.1992); Lerch v. Commissioner, 877 F.2d 624, 631 (7th Cir.1989).
 
 C. Sec. 6673 Penalty
 
 12
 Upon conclusion of the trial, the IRS filed a motion requesting that Dorsch be assessed a penalty under 26 U.S.C. Sec. 6673 on the grounds that Dorsch instituted and maintained these proceedings primarily for the purpose of delay and/or that Dorsch's position in the proceeding was frivolous or groundless. The Tax Court found that Dorsch and his attorney, indeed, were merely using the court as a forum to advance frivolous tax protester arguments and concluded that a penalty of $5,000 against Dorsch was appropriate. Order at 9-10. We review the Tax Court's decision to impose sanctions under Sec. 6673 for an abuse of discretion. Fox v. Commissioner, 969 F.2d 951, 953 (10th Cir.1992); Grimes v. Commissioner, 806 F.2d 1451, 1454 (9th Cir.1986). Here, there is clear support in the record to find that the arguments raised were objectively frivolous. See Coleman, 791 F.2d at 71-72. Thus, the Tax Court did not abuse its discretion in imposing the $5,000 penalty.
 
 III. CONCLUSION
 
 13
 For the foregoing reasons, we AFFIRM the decision of the Tax Court.
 
 
 
 *
 After preliminary examination of the briefs, the court notified the parties that it had tentatively concluded that oral argument would not be helpful to the court in this case. The notice provided that any party might file a "Statement as to Need of Oral Argument." See Fed.R.App.P. 34(a); Circuit Rule 34(f). Petitioner-Appellant has filed such a statement and requested oral argument. Upon consideration of that statement, the briefs, and the record, the request for oral argument is denied and the appeal is submitted on the briefs and record
 
 
 [1]
 To the extent Dorsch denied tax liability on the grounds that the Sixteenth Amendment is unconstitutional, this argument is without merit. Coleman v. Commissioner, 791 F.2d 68, 70 (7th Cir.1986); United States v. Thomas, 788 F.2d 1250, 1253 (7th Cir.), cert. denied, 479 U.S. 853 (1986)