9 F.3d 112
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
John A. HYDE, Petitioner-Appellant,
v.
COMMISSIONER OF INTERNAL REVENUE, Respondent-Appellee.
 No. 93-1211.
 United States Court of Appeals, Seventh Circuit.
 Submitted Oct. 13, 1993.*
Decided Oct. 15, 1993.
Rehearing Denied April 7, 1994.
 
 Before BAUER and MANION, Circuit Judges, and PELL, Senior Circuit Judge.
 
 ORDER
 
 1
 Attorney John A. Hyde petitioned for redetermination of the Commissioner of the Internal Revenue Service's assessment against him for tax deficiencies related to business deductions and additions to tax for the years 1984 and 1985. The United States Tax Court allowed some deductions, denied others, and sustained additions to tax for negligence or intentional disregard of income tax rules and regulations.[1] We affirm.
 
 
 2
 The Commissioner's deficiency determination is presumed correct and the taxpayer bears the burden of proving it otherwise. Buelow v. Commissioner, 970 F.2d 412, 415 (7th Cir.1992); Lerch v. Commissioner, 877 F.2d 624, 631 (7th Cir.1989). To successfully challenge the Commissioner's determination, the taxpayer must offer relevant credible evidence sufficient to establish that it was incorrect. Lerch, 877 F.2d at 631. The burden then shifts to the Commissioner to go forward with the evidence. Id.; Buelow, 970 F.2d at 415. We review a Tax Court's findings of fact and application of law to those facts for clear error. Gunther v. Commissioner, 909 F.2d 291 (7th Cir.1990).
 
 
 3
 Hyde first challenges the Tax Court's decision to sustain the disallowance of Schedule C business deductions for lack of substantiation. The burden of producing persuasive evidence to claim business deductions falls on the taxpayer. Pfluger v. Commissioner, 840 F.2d 1379, 1386 (7th Cir.), cert. denied, 487 U.S. 1237 (1988). Whether a taxpayer has produced sufficient evidence to support a deduction is a question of fact subject to the clearly erroneous standard. Norgaard v. Commissioner, 939 F.2d 874, 877 (9th Cir.1991). In sustaining the disallowance of deductions, the Tax Court found that Hyde produced no useful documentary evidence and that his oral testimony was unreliable. Absent an evidentiary basis from which it could estimate business expenses, the Tax Court was not obligated to do so. Lerch, 877 F.2d at 629; Williams v. United States, 245 F.2d 559, 560 (5th Cir.1957). Because Hyde has failed to produce sufficient evidence to support his claimed deductions, we cannot say that the Tax Court's decision to sustain the Commissioner's determination was clearly erroneous.
 
 
 4
 Hyde next challenges the exclusion of rental losses from the computation of his self-employment income. Profits and losses from the rental of real estate are not computed as part of the net earnings of self-employed taxpayers unless the rentals are received in the course of a trade or business as a real estate dealer. 26 U.S.C. Sec. 1402(a)(1); Hopper v. Commissioner, 94 T.C. 542, 545 (1990). A real estate dealer is an individual engaged in the business of selling real estate to customers for profit. Treas.Reg. Sec. 1.1402(a)-4(a). An individual who merely holds real estate for investment and rental profits is not a real estate dealer. Id. Whether property is held for investment or for sale to customers in the ordinary course of a trade or business is a question of fact subject to review under the clearly erroneous standard. McManus v. Commissioner, 583 F.2d 443 (9th Cir.1978), cert. denied, 440 U.S. 959 (1979); Bauschard v. Commissioner, 279 F.2d 115, 117 (6th Cir.1960). In this case, the Tax Court found that Hyde was not a real estate dealer because he held properties for investment, he did not have a real estate license, and he did not prove that he rendered services to the occupants of his properties. Hyde presented no evidence contrary to the Tax Court's findings. In these circumstances, we cannot conclude that the Tax Court committed clear error.
 
 
 5
 Hyde also challenges the Tax Court's imposition of penalties for negligent underpayment pursuant to 26 U.S.C. Sec. 6653(a). A taxpayer is negligent when he "shows lack of due care or failure to do what a reasonable and ordinarily prudent [taxpayer] would do under the circumstances." Accardo v. Commissioner, 942 F.2d 444 (7th Cir.1991) ( citing Marcello v. Commissioner, 380 F.2d 499, 506 (5th Cir.1967)), cert. denied, 112 S.Ct. 1266 (1992). As an attorney, Hyde's conduct is measured against that of the reasonable lawyer, and thus he is held chargeable with knowledge of the current application of the tax laws. Hogg v. United States, 428 F.2d 274, 283 (6th Cir.1970), cert. denied, 401 U.S. 910 (1971). The Tax Court's finding of negligence is subject to review under a clearly erroneous standard. Accardo, 942 F.2d at 452.
 
 
 6
 Here, the Tax Court found that Hyde had not exercised due care. In so finding, the Tax Court considered Hyde's failure to substantiate the deductions he claimed, his overstatement of rental loss from one of his properties, and his inclusion of rental losses in the computation of self-employment income. Nothing in the record or the parties' briefs convinces us that these actions were due to anything but Hyde's negligence. Therefore we conclude that the Tax Court's finding was not clearly erroneous.
 
 
 7
 Hyde further argues that the Commissioner failed to properly assess his tax liability under 26 U.S.C. Sec. 6303. He claims that he never received a notice of assessment and that a Certificate of Assessment is not sufficient proof that an assessment has taken place. This argument lacks merit. A copy of the official Certificate of Assessments and Payments creates a presumption of the adequacy of notices and assessments. See Gentry v. United States, 962 F.2d 555, 557 (6th Cir.1992); United States v. Chila, 871 F.2d 1015, 1017-18 (11th Cir.), cert. denied 493 U.S. 975 (1989); United States v. Zolla, 724 F.2d 808, 810 (9th Cir.), cert. denied 469 U.S. 830 (1984). See also United States v. Miller, 318 F.2d 637, 639 (7th Cir.1963). Hyde has offered no evidence to support his claim that the appropriate procedures were not followed. Thus, he has failed to rebut the presumption of the validity of the assessments for the relevant tax years.
 
 
 8
 Hyde also argues that because a July 11, 1988 entry in his 1984 tax record states that his tax liability on that date was zero, the Commissioner is estopped from claiming a deficiency. In order to establish an estoppel claim against the government, a private party must show a false representation or wrongful misleading silence that has induced reasonable, detrimental reliance. West Augusta Development Corp. v. Giuffrida, 717 F.2d 139, 141 (4th Cir.1983); Estate of Emerson v. Commissioner, 67 T.C. 612, 617-18 (1977). Hyde has failed to establish an estoppel claim because he concedes that the tax record was inconsistent with the notice of deficiency he received in March of 1988. Therefore, he could not have relied on the information contained in the tax record, nor would his reliance have been reasonable. Furthermore, there is no evidence that Hyde suffered a detriment as a result of the erroneous information.
 
 
 9
 Hyde's remaining timeworn tax protester claims provide no basis for disturbing the decision of the Tax Court.[2]
 
 
 10
 Finally, the Commissioner asks us to impose $2,500 in sanctions under Federal Rule of Appellate Procedure 38. Hyde apparently decided to forego the opportunity to respond to the Commissioner's request by failing to file a reply brief. His failure to reply does not preclude us from imposing sanctions, however, because he had reasonable notice that he may be sanctioned and an opportunity to respond. Colosi v. Electri-Flex Co., 965 F.2d 500, 505 (1992). Rule 38 sanctions are discretionary with the appellate court. Osuch v. I.N.S., 970 F.2d 394, 396 (7th Cir.1992). The two-part test for the imposition of sanctions is 1) whether the appeal is frivolous and 2) whether sanctions are appropriate. Id.; A-Abart Electric Supply, Inc. v. Emerson Elec. Co., 956 F.2d 1399, 1406 (7th Cir.), cert. denied, 113 S.Ct. 194 (1992). It is well-established that "a petition to the tax court ... is frivolous if it is contrary to established law and unsupported by a reasoned colorable argument for a change in the law." Coleman, 791 F.2d at 71 (emphasis added). The inquiry is objective. If a person should have known that his position was groundless, sanctions are appropriate under Rule 38. Id. Hyde is not unfamiliar with this court's intolerance for the frivolous claims he persistently raises. Lepucki v. Van Wormer, 765 F.2d 86, 89 (7th Cir.), cert. denied, 474 U.S. 827 (1985). In Lepucki, we imposed sanctions against Hyde for his role in representing tax protesters, and stated our intention to refer him to the appropriate state disciplinary bodies for investigation. Id. In this case, Hyde offered no valid legal support for his claims and raised countless frivolous arguments that have previously been addressed by this court. Therefore, we find sanctions particularly appropriate in this case and impose $2,500 in sanctions instead of costs and attorneys fees. See Coleman, 791 F.2d at 71.
 
 
 11
 The judgment is AFFIRMED, with sanctions.
 
 
 
 *
 After preliminary examination of the briefs, the court notified the parties that it had tentatively concluded that oral argument would not be helpful to the court in this case. The notice provided that any party might file a "Statement as to Need of Oral Argument." See Fed.R.App.P. 34(a); Circuit Rule 34(f). No such statement having been filed, the appeal has been submitted on the briefs and record
 
 
 [1]
 Pursuant to the authority given to the Chief Judge of the Tax Court under 26 U.S.C. Sec. 7443A(b)(3), Special Trial Judge Goldberg was properly appointed to issue a decision in this case
 
 
 [2]
 We have repeatedly rejected challenges to the imposition of taxes on the following grounds: (1) the Sixteenth Amendment was not properly ratified, Coleman v. Commissioner, 791 F.2d 68, 70 (7th Cir.1986); United v. Thomas, 788 F.2d 1250, 1253 (7th Cir.) cert. denied, 479 U.S. 853 (1986); (2) the taxpayer was denied his Seventh Amendment right to a jury trial in Tax Court, Coleman, 791 F.2d at 71; (3) the Internal Revenue Code was not lawfully enacted by Congress, United States v. Sloan, 939 F.2d 499, 500 (7th Cir.1991), cert. denied 112 S.Ct. 940 (1992); (4) wages are not income, Coleman, 791 F.2d at 70; United States v. Koliboski, 732 F.2d 1328, 1329 & n. 1 (7th Cir.1984); (5) Federal Reserve notes are not functional dollars, Edgar v. Inland Steel Co., 744 F.2d 1276, 1278 n. 4 (7th Cir.1984); Birkenstock v. Commissioner, 646 F.2d 1185, 1186-87 (7th Cir.1981); (6) Form 1040 is lacking the proper (OMB) control numbers, Salberg v. United States, 969 F.2d 379 (7th Cir.1992); (7) the Commissioner of the Internal Revenue has no authority to enforce the Internal Revenue Code because the delegation of authority by the Secretary of the Treasury is not published in the Federal Register, Longsdale v. United States, 919 F.2d 1440, 1445-47 (10th Cir.1990); (8) Congress can only coin money, not paper, Kotmair v. Commissioner, 86 T.C. 1253 (1986); (9) the duty to file tax returns and maintain records forces a taxpayer to waive his Fifth Amendment privilege against self-incrimination, United States v. Warner, 830 F.2d 651, 655-56 (7th Cir.1987); United States v. Verkuilen, 690 F.2d 648, 654 (7th Cir.1982)