42 F.3d 1391
 74 A.F.T.R.2d 94-7369
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
William A. PLUMBACK and Judy Plumback, Petitioners-Appellants,
v.
COMMISSIONER OF INTERNAL REVENUE, Respondent-Appellee.
 No. 93-3257.
 United States Court of Appeals, Seventh Circuit.
 Submitted Nov. 22, 1994.*
Decided Nov. 29, 1994.
 
 Before POSNER, Chief Judge, and CUMMINGS and MANION, Circuit Judges.
 
 ORDER
 
 1
 Appellants William[1] and Judy Plumback appeal the Tax Court's determinations of deficiencies and additions to tax for the years 1983-89. We affirm.
 
 Analysis
 
 2
 Appellants, who operated several cash businesses, filed no tax returns in the years 1983-1988, and filed a disputed return in 1989. Further, appellants kept no significant records and lost the limited records they did keep.[2] The Commissioner ascertained appellants' taxable income utilizing the bank deposits method and ascertained allowable business deductions with a formula derived from available documentation. Further, during the Tax Court proceeding the appellants received a deduction for nearly every expense for which they had any documentation. Most of appellants' claims, however, were only supported by appellant William Plumback's testimony, which the Tax Court found not credible. Appellants contest nearly every finding and conclusion of the Tax Court.
 
 
 3
 Tax determinations and tax deficiency assessments made by the Commissioner are entitled to a presumption of correctness, and the taxpayer bears the burden of proving such determinations were improperly made. Buelow v. Commissioner of Internal Revenue, 970 F.2d 412, 415 (7th Cir.1992); Gold Emporium Inc. v. Commissioner of Internal Revenue, 910 F.2d 1374, 1378 (7th Cir.1990). The presumption in favor of the Commissioner's determinations is especially strong where the taxpayer failed to keep adequate records. Gold Emporium, 910 F.2d at 1379. Further, the courts will only fail to recognize the presumption if the assessment is arbitrary or without rational foundation. Id. at 1378. In addition, the Tax Court's assessment of credibility is entitled to deference. Id. at 1379.
 
 
 4
 As to deductions, the law requires taxpayers to keep and maintain adequate records, and the taxpayer bears the burden of proving that he is entitled to a deduction. Hefti v. Internal Revenue Service, 8 F.3d 1169, 1173-1174 (7th Cir.1993). In addition, the tax court's determination that a taxpayer failed to come forward with sufficient evidence to support a deduction is a factual finding subject to reversal only if it is clearly erroneous. Buelow, 970 F.2d at 415.
 
 
 5
 A review of the available record materials indicates appellants failed to meet their burden in challenging the Commissioner's determination. The Commissioner's determination is fully entitled to the presumption of correctness, as it utilizes a rational and appropriate methodology for ascertaining income and expenses. See generally United States v. Ludwig, 897 F.2d 875, 878 (7th Cir.1990) (recognizing the appropriateness of the bank deposits method for estimating income); Gold Emporium, 910 F.2d at 1378 (assessment can be based on incomplete business records). Further, appellants have failed to keep adequate (or any) records.[3] The Commissioner's conclusion that the appellants failed to support most of their claimed deductions is not clearly erroneous. We affirm the Commissioner's calculations for the reasons stated in the Tax Court opinion.
 
 
 6
 AFFIRMED.
 
 
 
 *
 After preliminary examination of the briefs, the court notified the parties that it had tentatively concluded that oral argument would not be helpful to the court in this case. The notice provided that any party might file a "Statement as to Need of Oral Argument." See Fed.R.App.P. 34(a); Cir.R. 34(f). Petitioners-Appellants have filed such a statement. Upon consideration of that statement the court has concluded that oral argument would not be helpful, and the appeal is submitted on the briefs and record
 
 
 [1]
 William Plumback passed away on May 20, 1994 during the pendency of this appeal
 
 
 [2]
 Ironically, this court is working with an incomplete record in this case. Appellants checked out the appellate record over a year ago and have not yet complied with this court's request to return it. However, given this court does have the record exhibits, the parties' briefs, and the Tax Court opinion, there is an adequate basis for reviewing the case
 
 
 [3]
 Appellants have claimed the Tax Court failed to review certain records they tendered at the proceeding. The record indicates the materials were not admitted because appellants failed to follow appropriate procedures. (Tax Court opinion at 6.) The Commissioner notes that the claimed existance of records is at odds with appellants' testimony regarding the loss/destruction of all records. (Commissioner's Brief at 29.) (See also Appellants' Brief at pp. 5 note D, 13.)