52 F.3d 328
 75 A.F.T.R.2d 95-2500, 95-1 USTC P 50,255
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
Lorin J. STEINES, and Jane E. Steines, Petitioners-Appellants,
v.
COMMISSIONER OF INTERNAL REVENUE, Respondent-Appellee.
 No. 93-2436.
 United States Court of Appeals, Seventh Circuit.
 Submitted April 4, 1995.*
Decided April 12, 1995.
 
 Before POSNER, Chief Judge, and FAIRCHILD and KANNE, Circuit Judges.
 
 Order
 
 1
 Lorin Steines and his wife, to supplement Lorin's full-time income, engaged in a motivational sales program not unlike a pyramid scheme. One of the "costs" of the sales program claimed as business deductions was paying $750 a month to rent a garage from Lorin's twin brother, Loras, even as comparable garages in the area were renting from $20 to $40 a month. Lorin also deducted $10,000 for the rental of lists of names from Loras, though Loras did not report any of the alleged rental payments on his tax returns and Lorin had no evidence of the payment. These and similar deductions resulted in the IRS issuing a deficiency; the Steineses challenged the deficiency in the Tax Court and lost, and appeal to us.
 
 
 2
 Steines complains on appeal that he was unable to produce records to substantiate his claimed deductions because the records were stored in Loras's garage and lost when the Veteran's Administration evicted Loras from the home. The tax court found the brothers' testimony generally not creditable and noted that any loss of business records was attributable to the brothers' doings. These findings are not clearly erroneous: a real estate broker representing the VA offered Lorin time to remove personal property, and Lorin gave a written confirmation of that offer. Lorin never demonstrated that the failure to produce records was beyond his control, nor explained why he continued to store files on property he knew was subject to a foreclosure proceeding and owned by someone who he knew was in imminent danger of eviction. The claim that the eviction was somehow fraudulent is not only irrelevant, but belied by the Illinois state appellate court decision introduced by Lorin in the tax court that affirmed the order of eviction. The burden of proving that a determination of deficiency is erroneous rests with the taxpayer, and Steines has not met that burden. Buelow v. Commissioner, 970 F.2d 412, 415 (7th Cir.1992); Tax Ct.Proc.Rule 142(a).
 
 
 3
 Steines claims that the tax action is "an illegal reprisal" against him for his supporting his brother in an unrelated legal dispute with the government, alluded to in Loras Steines v. Commissioner, 1993 U.S.App. (7th Cir.) (unpublished opinion). There is no evidence to support this assertion. An audit of seemingly excessive deductions was an entirely appropriate response to taxpayers with a history of taking inappropriate business deductions. See Lorin Steines v. Commissioner, 1993 U.S.App. (7th Cir.) (unpublished opinion).
 
 
 4
 Steines presents no other grounds for appeal. The decision of the Tax Court is AFFIRMED.
 
 
 
 *
 After preliminary examination of the briefs, the court notified the parties that it had tentatively concluded that oral argument would not be helpful to the court in this case. The notice provided that any party might file a "Statement as to Need of Oral Argument." See Fed.R.App.P. 34(a); Cir.R. 34(f). No statement has been filed. Accordingly, the appeal is submitted on the briefs and the record