David A. GILBERT

v.

KNOXVILLE INTERNATIONAL
ENERGY EXPOSITION and
United American Bank.

Civ. No. 3–82–344.

United States District Court,
E. D. Tennessee, N. D.

Aug. 2, 1982.

James C. Kesterson, James L. Jones, Knoxville, Tenn., for plaintiff.

J. Michael Winchester, Robert L. Crossley, Knoxville, Tenn., for defendants.

OPINION AS RENDERED FROM
THE BENCH

ROBERT L. TAYLOR, District Judge.

This is an action for copyright infringement and unfair competition. In his complaint, plaintiff alleges that he created an "energy flame" design in April 1976. He says that defendants have used the design as the logo of the 1982 World's Fair without authorization and without paying him just compensation. The case is before the Court on motions of defendants, Knoxville International Energy Exposition (KIEE) and United American Bank. We have considered the supporting briefs and affidavits and have heard arguments on the motions.

Both defendants have moved to disqualify plaintiff's counsel for conflicts of interest. The motions were filed over a month after the case was filed and after substantial discovery had begun. Defendants allege two grounds for disqualification.

The first ground relates to counsel's alleged prior connections with KIEE. Plaintiff has been represented by James C. Kesterson of the law firm of Pitts and Kesterson of Knoxville since February 1982. (Kesterson Affidavit p. 1). Robert E. Pitts has been associated with Kesterson's practice since March 1978. (Pitts Affidavit p. 2, Kesterson Affidavit p. 5). The law firm of Luedeka, Fitch, and Neely, P. C., is a successor to the Knoxville office of Fitch, Even, Tabin, and Luedeka. (Luedeka Affidavit p. 1). From April 1976 until December 31, 1976, Fitch, Even, Tabin, and Luedeka employed Robert E. Pitts as an associate. The Knoxville office then had four attorneys, including Pitts, Edwin M. Luedeka, and Paul E. Hodges. According to affidavits of Luedeka and Hodges it was the practice for firm members to be aware of all activities in the office; all files were available to all firm members. The Luedeka firms have represented KIEE since the Spring of 1976 in connection with trademark and copyright matters. (Luedeka Affidavit p. 1). In 1976 KIEE supplied the

"flame design" to the Luedeka firm along with other trademark information. Defendants seek to disqualify Kesterson because his partner had access to KIEE information during his prior employment.

Pitts denies that he was aware that his former firm represented KIEE in 1976. He specifically denies working on any KIEE matters while so employed. (Pitts Affidavit p. 2). Kesterson states that he has not received any information regarding this lawsuit from Pitts. (Kesterson Affidavit p. 2).

The Court is familiar with the customs of lawyers in small firms, having practiced in a four-man firm for many years. For this reason, we accept Luedeka's statement that all firm members had access to files in 1976. We also accept Pitts' assertions that he was not knowledgeable of the KIEE matters at that time.

■ The rule in the Sixth Circuit is "that an attorney may not represent a client in litigation against a former client if the subject matter of the litigation is 'substantially related' to work he or she did for the former client." *General Electric Co. v. Valeron Corp.,* 608 F.2d 265, 267 (6th Cir. 1979). In this case defendants have not even made a prima facie showing that KIEE was ever Pitts' former client. The mere fact that Pitts was once associated with a firm that dealt with matters related to the current litigation is insufficient to disqualify his partner, Kesterson. We cannot find that defendants will be injured by Pitts' prior employment and his partnership with plaintiff's counsel.

■ Defendants allege another conflict of interest in this case. They say Kesterson's representation of plaintiff conflicts with Pitts and Kesterson's representing a client, Sunsphere, Inc., not joined in this action. KIEE is the exclusive licensing agent for Sunsphere trademarks and other intangible property. (Luedeka Affidavit, Exhibit C). According to James Racek, the President of the Sunsphere Management Co., the flame logo is used in conjunction with Sunsphere trademarks in World's Fair marketing. (Racek Affidavit). It is also used in connection with other advertising and merchandise sales in which Sunsphere, Inc. has an interest. If plaintiff is successful in the instant suit, Sunsphere, Inc.'s interests allegedly will be injured.

Plaintiff Gilbert says that his attorneys have informed him of the alleged conflicts and offered to withdraw. He also says that he will be greatly prejudiced financially if his present attorney is disqualified at this time.

Defendants have failed to show any interest except those of Sunsphere, Inc. that could be adversely affected by Kesterson's representation of both Gilbert and Sunsphere. We, therefore, find no cause to disqualify plaintiff's counsel on this ground. *See Melamed v. ITT Continental Baking Co.,* 592 F.2d 290, 294 (6th Cir. 1979).

Accordingly, it is ORDERED that the motions to disqualify plaintiff's counsel be, and the same hereby are, denied.

Order Accordingly.