**TERRE DU LAC PROPERTY OWNERS'
ASSOCIATION, INC., A
Corporation, Appellant,**

v.

**Donald SHRUM, et. al, Respondents.**

**No. 46147.**

Missouri Court of Appeals,
Eastern District,
Division Six.

Nov. 15, 1983.

Raymond R. Roberts, Clinton B. Roberts, Geoffrey L. Pratte, Roberts, Roberts & Rohrer, Farmington, for appellant.

James E. Alexander, Medley, Alexander & Pultz, Farmington, for respondents.

STEWART, Presiding Judge.

Plaintiff brought an action against respondent, Don Shrum and others, owners of lots in a subdivision to recover subdivision assessments, attorney's fees and to establish equitable liens on the lots owned by the defendants. The case against other defendants below has been terminated. The only cause at issue is that against Shrum. The court entered judgment against Shrum upon a stipulation of the parties covering those lots owned by him at the time judgment was entered, in the sum of $2290.00 and established a lien upon those lots. The court disqualified plaintiff's attorney and denied plaintiff's prayer for attorney's fees. Plaintiff appeals from the judgment insofar as the court disqualified its attorney and denied plaintiff attorney's fees.

Plaintiff raises four points on appeal. He asserts that: (1) the motion to disqualify was untimely filed, coming as it did two weeks after the first aborted trial and nineteen months after suit was filed; (2) the earlier representation involved the defendant's corporation, not the defendant individually and thus there was no dual representation; (3) plaintiff's attorney had withdrawn from representing the defendant's corporation; and (4) the present suit for property assessments was not substantially related to the subject matter of the earlier representation of defendant's corporation.

We reverse and remand.

An extensive statement of the facts is necessary. For some years prior to February 1980, Roberts, Roberts and Rohrer, the law firm that represented plaintiff in this action, represented Don Shrum, Inc., a closely held corporation in a suit filed by the corporation and a Mr. and Mrs. Miller against Valley Minerals Co. Don Shrum was the principal shareholder and director of the corporation. The records of the Secretary of State show that at various times there were two directors and at others three directors. Mr. Shrum testified at one time there was one director. The same was true with respect to officers of the corporation.

In the suit against Valley Minerals, Don Shrum, Inc. sought to recover for damages respecting property owned by it as a result of pollution of the air. Plaintiffs lost that case in the trial court. On appeal the cause was reversed and remanded. Upon remand the case was voluntarily dismissed without prejudice and refiled in the Circuit Court of the City of St. Louis.

In May of 1979, the Roberts firm wrote a letter to Mr. Shrum with respect to the unpaid fees of Don Shrum, Inc. and inquiring about reports that the property, the Chateau Deville Motel and Restaurant, involved in that law suit had been sold. Mr. Shrum was asked to contact Mr. Roberts to discuss the reported sale so that pleadings could be properly amended. No reply was made to the inquiry. Another letter was written January 28, 1980, asking that the bill of Don Shrum, Inc. be paid by February 15 or the law firm would withdraw from the case. On July 17, 1980, the law firm sent a withdrawal along with a letter of transmittal to the Circuit Court of the City of St. Louis. No action was taken by the court until September 11, 1981, when leave to withdraw was granted.

On February 13, 1980, Geoffrey Pratte of the law firm of Roberts, Roberts and Rohrer filed suit on behalf of Terre Du Lac Property Owners' Association against Don

Shrum as the owner of seventeen lots in the development to recover delinquent subdivision assessments, interest and attorney's fees and to establish an equitable lien to the extent of the judgment upon each lot. The total amount of $2326.00 in delinquencies and interest was alleged to be due at the time suit was filed. This litigation was protracted with interrogatories, request for admissions, objections to request for admissions, depositions and certification of deposition questions by both sides. Motions to dismiss, for continuances for jury trial and to sever were filed by Shrum.

Pertinent to the issues in this case, Shrum's deposition was taken on July 29, 1980. After Mr. Shrum gave his name and address defendant's counsel objected to the taking of the deposition because plaintiff's law firm represented Don Shrum, Inc. in the suit pending in the City of St. Louis. The deposition proceeded over defendant's objection and defendant later filed an objection to the deposition seeking to have it stricken on the same grounds. This motion was denied by the trial court.

On October 9, 1980, defendant's counsel wrote a letter submitting a hypothetical question based on the facts of this case to the Advisory Committee of the Missouri Bar Association. That Committee wrote a letter expressing its opinion. Plaintiff's counsel wrote the Committee supplementing the facts. The Committee then withdrew its opinion and advised defendant by letter of January 19, 1981, that the proper forum was the court having jurisdiction of the litigation.

Plaintiff's second amended petition was filed on May 22, 1981. By that time defendant had disposed of most of the lots he had owned at the time suit was filed. The second amended petition sought judgment as to eight lots then owned by defendant in the sum of $1998.00. The case was set for trial on September 8, 1981. On that day defendant filed an answer to the second amended petition and a motion to dismiss plaintiff's cause of action on the ground that plaintiff's attorney had violated DR 5–101 and 5–105. The trial court denied the motion to dismiss. The case was tried and taken under submission.

On September 22, 1981, while the case was under submission defendant filed a motion to disqualify plaintiff's attorney. The trial judge left the bench before entering judgment in the case. The case was subsequently reset for trial before another judge on June 2, 1982. On that date the parties filed a stipulation and agreed to entry of judgment in the sum of $2290.00 for assessments and interest on seven lots then owned by defendant, and agreed to try the issue of attorney's fees and costs at a later date.

The issues of attorney's fees and costs were tried on June 24, 1982. Plaintiff's attorney testified as to the value of his services and that most of the attorney's fees had been paid. The Court entered its final judgment in favor of plaintiff in the sum of $2290.00; sustained Shrum's motion to disqualify plaintiff's attorney and denied plaintiff's prayer for attorney's fees.

We first consider whether there was in fact dual representation by the Roberts law firm.

■ It is generally held that a court has the inherent power and responsibility to supervise and regulate the conduct of attorneys who appear and practice before it. *State ex rel. Headrick v. Bailey,* 365 Mo. 160, 278 S.W.2d 737, 741 (1955).

■ The duty of undivided loyalty that an attorney owes to each of his clients mandates that he may not undertake to represent one client against another client that he is then representing. DR 5–105. See *Cinema 5, LTD. v. Cinerama, Inc.,* 528 F.2d 1384 (2d Cir.1976).

In this case plaintiff's counsel had represented Don Shrum, Inc., a corporation, the owner of a motel and restaurant complex in a suit for damages as a result of air pollution by Valley Minerals. At the time the Roberts firm filed suit against Don Shrum, an individual, the law firm was still counsel of record for Don Shrum, Inc. in the pollution action. The Roberts firm withdrew as

counsel for Don Shrum, Inc. before the trial in this case.

A corporation is a legal entity, separate and apart from the person or persons who are stockholders and directors of the corporation and counsel who represents a corporation is not ordinarily precluded from acting as counsel in suing a director. *Bent v. Priest,* 10 Mo.App. 543, 544, 546 (1881). *Bent* may be vintage but it has not acetified. We have found no cases in Missouri that draw a distinction between a generally held corporation and a closely held corporation. The indication is that there is no distinction. See *Terry v. Reciprocal Exchange,* 268 S.W. 421, 424 (Mo.App. 1925). Representing a closely held corporation does not inherently mean that counsel is acting as counsel to the individual director-shareholders. See *Bobbitt v. Victorian House, Inc.,* 545 F.Supp. 1124, 1126 (N.D.Ill.1982).

Don Shrum chose to adopt the advantages of the corporate form of doing business with respect to the enterprise that was involved in the litigation in which the corporation was represented by the Roberts firm. There is no evidence that the law firm ever represented Don Shrum individually.

There is no contention that there is any intrinsic conflict in counsel's representation of plaintiff in this litigation and that in which counsel represented the corporation in the pollution case. There is no contention that plaintiff's counsel may have learned anything of a confidential nature in its representation of the corporation in the pollution case that would be helpful to his present client.

Because plaintiff's attorney was representing a corporation of which Don Shrum was the principal, if not the sole shareholder, is no reason for disqualifying the attorney in an action brought against Don Shrum the individual where no conflict appears.

We are also of the opinion that the trial court erred in disqualifying plaintiff's counsel because the motion to disqualify under the circumstances of this case was untimely. Although the issue has not been ruled upon in this state the decisions of other jurisdictions are persuasive.

A motion to disqualify should be made with reasonable promptness after the party becomes aware of the conflict to prevent the party from using disqualification as a strategic tool to deprive his opponent of counsel of his choice after substantial preparation has been completed. *Central Milk Producers Cooperative v. Sentry Food Stores, Inc.,* 573 F.2d 988, 992 (8th Cir.1978). One who knowingly refrains from asserting the objection promptly is deemed to have waived the objection. *Trust Company of Montana v. Piper Aircraft Corp.,* 701 F.2d 85, 87 (9th Cir.1983). The purpose of the Canons of Ethics is to regulate the conduct of counsel, not a weapon to be used against the attorney's client.

In this case Don Shrum, the defendant, was aware of the fact that the Roberts firm represented Don Shrum, Inc., a corporation, when the present action was filed on February 13, 1980. The pleadings were served upon Shrum. Defendant first attempted to use the alleged violation of DR 5–101 and DR 5–105 to thwart the taking and the use of defendant's deposition, and subsequently sought to defeat plaintiff's cause of action by way of motion to dismiss because of the alleged violations of the above canons on the part of its attorney. It was not until two weeks after the case had been fully tried and 19 months after the suit was filed that a motion to disqualify plaintiff's attorney was filed. The motion was not taken up until June 24, 1982, 28 months after the suit was filed. At this time defendant had consented to the entry of a judgment against him. We hold that the motion to disqualify plaintiff's counsel was untimely filed.

In conclusion we note that the court in this case then undertook to punish the client by denying it attorney's fees as provided in the restrictions of the subdivision. The effect of the judgment disqualifying counsel after the case was effectively

disposed of and denying attorney's fees did not punish counsel, rather it permitted the defendant to use the canons to defeat a portion of plaintiff's claims. Such is not the purpose of the Canons of Ethics.

The judgment of the trial court is reversed and remanded with directions to determine the attorney's fees due plaintiff and to enter final judgment for plaintiff as previously stipulated with interest to the date of final judgment and attorney's fees.

KELLY and KAROHL, JJ., concur.