_____

No. 95-2938
_____

Dennis W. Harker, Mary Harker,    *
                                  *
          Appellants,             *
                                  *    Appeal from the
     v.                           *    United States Tax Court.
                                  *
Commissioner of Internal          *
Revenue,                          *
                                  *
          Appellee.               *

_____

Submitted:  February 12, 1996

Filed:  May 3, 1996
_____

Before BOWMAN, BEAM, and LOKEN, Circuit Judges.
_____

BOWMAN, Circuit Judge.


     Dennis and Mary Harker appeal the decision of the Tax Court finding
them liable for tax deficiencies and fraud penalties.  For reversal, they
argue that the Tax Court abused its discretion when it denied their motion
to disqualify Jeffrey A. Schlei, an attorney with the Office of District
Counsel (ODC) for the Iowa District Office of the Internal Revenue Service
(IRS), and the entire legal staff of the ODC from representing the
Commissioner in the Tax Court proceedings.  We affirm.


     In July 1990, Dennis Harker pled guilty to tax evasion for the
taxable year 1987, and Mary Harker pled guilty to tax evasion for the
taxable year 1985.  The Harkers were represented in these criminal tax
proceedings by Mark Godwin of Isaacson & Clarke, a Des Moines law firm of
four attorneys.  Schlei was an associate with this law firm between 1987
and 1991.  He left the law firm and joined the ODC in 1991.  In April 1992,
following the resolution of

their criminal cases, the Harkers received a notice of deficiency from the Commissioner of the IRS. The Commissioner's notice stated that the Harkers were liable for various tax deficiencies and civil fraud penalties for taxable years 1985, 1986, and 1987.

In July 1992, the Harkers retained new counsel and filed a petition for a redetermination of deficiency in the Tax Court. In August 1993, Schlei was assigned to assist IRS attorney Mary Ann Waters in representing the Commissioner in the Harkers' deficiency trial before the Tax Court. In October 1993, just two weeks before trial, the Harkers, asserting they only recently had discovered that Schlei had been an associate with the law firm that represented them during the now-resolved criminal tax proceedings, filed a motion to disqualify Schlei and the ODC. The Harkers argued that Schlei's former association with the law firm disqualified him from now representing the Commissioner against the Harkers in the civil deficiency trial. The Harkers also argued that Schlei's former association with the law firm required disqualification of the entire ODC.

The Tax Court denied the Harkers' motion on the basis of Model Rule of Professional Conduct 1.11(c)(1) (1992), which provides that a government attorney shall not participate in a matter in which the attorney had personal and substantial involvement while in private practice. The court found that Schlei had no personal or substantial involvement in the Harkers' legal matters while at the law firm, had not seen or reviewed their files, and was not privy to their verbal or written communications. Having determined there was no ground to disqualify Schlei, the court also rejected the Harkers' request to disqualify the entire ODC. The court noted that motions to disqualify are subject to "strict judicial scrutiny" because of the cost and inconvenience they may impose on the judicial system and the party whose attorney is disqualified. The court cited the fact that the Harkers filed their motion just two weeks before trial as evidence that they had employed the

motion primarily as a delay tactic.  At the conclusion of the trial, the Tax Court sustained the Commissioner's determination of tax deficiencies and fraud penalties against the Harkers.

On appeal, the Harkers do not argue the merits of the Tax Court's ruling against them on the question of their liability for tax deficiencies and fraud penalties.  Instead, they argue only that reversal is required because the Tax Court abused its discretion in denying their motion to disqualify Schlei and the entire staff of the ODC.  The Harkers also do not argue that the Tax Court misapplied Model Rule of Professional Conduct 1.11(c)(1) to the facts of their case, nor do they challenge the court's finding that Schlei was not personally and substantially involved in the Harkers' criminal tax cases while at the law firm.  We note that the Harkers did not present the court with any evidence to counter Schlei's affidavit attesting to his lack of personal involvement in the Harkers' criminal tax cases.  Rather, the Harkers contend their case should be reversed and remanded because the Tax Court should have applied the Model Code of Professional Responsibility and the decisions of this Court interpreting the Model Code.   We reject these arguments.

The decision to grant or deny a motion to disqualify an attorney rests in the discretion of the trial court, and we will reverse this determination only upon a showing of abuse of that discretion.  A.J. ex rel. L.B. v. Kierst, 56 F.3d 849, 859 (8th Cir. 1995).  Because of the potential for abuse by opposing counsel, "disqualification motions should be subjected to "'particularly strict judicial scrutiny.'"  Optyl Eyewear Fashion Int'l Corp. v. Style Cos., 760 F.2d 1045, 1050 (9th Cir. 1985) (quoting Rice v. Baron, 456 F. Supp. 1361, 1370 (S.D.N.Y. 1978)).  When reviewing a decision of a district court on a motion for disqualification of an attorney, we apply the same rules governing the professional conduct of attorneys that the district court has adopted.  See Blair v. Armontrout, 916 F.2d 1310, 1333 (8th Cir.)

(reviewing lower court's decision granting motion to disqualify, this Court applied Model Rules instead of Model Code because Western District of Missouri, where underlying habeas corpus proceeding was brought, had adopted Missouri Rules that were consistent with Model Rules), cert. denied, 502 U.S. 825 (1990). We do not discern any reason for not extending the same approach to our review of rulings by the Tax Court on motions to disqualify. The Tax Court has adopted the Model Rules of Professional Conduct to govern the conduct of attorneys who practice before it.[1] Tax Court Rule 201(a), reprinted in 26 U.S.C.A. foll. § 7453 (West 1986); see also Duffey v. Commissioner, 91 T.C. 81, 82 (1988).

In support of their argument for disqualification, the Harkers rely on Arkansas v. Dean Foods Products. Co., 605 F.2d 380 (8th Cir. 1979), and Fred Weber, Inc. v. Shell Oil Co., 566 F.2d 602 (8th Cir. 1977), cert. denied, 436 U.S. 905 (1978).[2] Those cases arose in the United States District Court for the Eastern District of Arkansas and the United States District Court for the Eastern District of Missouri, respectively, and both district courts applied the Model Code. The Harkers' reliance on Dean Foods and Fred Weber therefore is misplaced because those cases interpret the Model Code, which, as we already have pointed out, does not apply in the Tax Court, for that court has adopted the Model Rules. In Dean Foods and Fred Weber, we concluded that, in order to prevent

---

[1]The Model Rules of Professional Conduct (1992), promulgated by the American Bar Association in August 1983, have been adopted by the United States Tax Court, as well as approximately thirty-six states and the District of Columbia. 2 G. Hazard, Jr. & W. Hodes, The Law of Lawyering, A Handbook on The Model Rules of Professional Conduct § AP4:101 (2d ed. 1992 & Supp. 1994). A minority of states have adopted the older Model Code of Professional Responsibility.

[2]Both of the cases relied upon by the Harkers were overruled in part by In re Multi-Piece Rim Products Liability Litigation, 612 F.2d 377 (8th Cir. 1980) (en banc) (overruling portion of cases that dealt with appealability of disqualification orders). The overruled portions of those decisions, however, are not relevant to this appeal.

the "appearance of impropriety," a lawyer is presumed under the Model Code to have knowledge of all confidential information relating to clients of the lawyer's firm and thus is disqualified from taking a position adverse to the former client in a substantially related matter. Dean Foods, 605 F.2d at 385-86; Fred Weber, 566 F.2d at 608-09. Because the Tax Court has adopted the Model Rules, which do not incorporate the Model Code's appearance-of-impropriety standard, those cases interpreting the Model Code do not govern our review of the Tax Court's decision.

Additionally, the Harkers argue that the ethics rules adopted by the United States District Court for the Southern District of Iowa, i.e., the Model Code, are relevant here because that federal district court is an alternative forum in which the Harkers could have paid their deficiency and sued for a refund. The Harkers further argue that, because Schlei is a member of the Iowa bar, his conduct should be governed by Iowa ethics rules in matters before the Tax Court. These arguments are entirely without merit. The fact that Schlei is a member of the Iowa bar and that the Harkers could have litigated this case in another forum does not provide any basis for requiring the Tax Court to apply rules of professional conduct other than those that the Tax Court has chosen to adopt. The Harkers selected the Tax Court as the forum in which to litigate this matter and therefore necessarily assented to be governed by the rules of that forum.

We conclude the Tax Court did not abuse its discretion in denying the Harkers' motion to disqualify Schlei. Given that conclusion, it necessarily follows that the Harkers' argument that Schlei's disqualification should be imputed to the entire legal

staff of the ODC also fails.  The judgment of the Tax Court is affirmed.[3]

A true copy.

Attest:

CLERK, U. S. COURT OF APPEALS, EIGHTH CIRCUIT.

---

[3]Our decision does not mean that we believe the government used its best judgment in assigning Schlei to this case.  The government knew, prior to assigning Schlei to represent the Commissioner in the Harkers' tax-deficiency trial, that Schlei had worked as an associate in a four-person law firm that previously had represented the Harkers in criminal tax proceedings.  Even though Schlei had no personal or substantial involvement in the Harkers' criminal cases while at the law firm, surely the government had other attorneys from whom to choose in assigning counsel to the Harkers' civil case.  Had Schlei not been assigned to the deficiency trial, this wholly unnecessary controversy about disqualification would have been avoided.