945 F.Supp. 1251 (1996)
Andrew GRIFFEN, a minor by his Next Friend, Colleen FREELAND, Plaintiff,
v.
EAST PRAIRIE, MISSOURI REORGANIZED SCHOOL DISTRICT NO. 2, et al., Defendants.
No. 1:95CV12 CDP.
United States District Court, E.D. Missouri, Eastern Division.
October 28, 1996.
*1252 James M. McClellan, Sikeston, MO, for Andrew Griffen, Colleen Freeland.
Robert J. Tomaso, Peter H. Ruger, Peper and Martin, St. Louis, MO, for East Prairie R-2 School District.
Samuel T. Vandover, Godfrey and Vandover, St. Louis, MO, for Michael Allen Eurer.
Daniel T. Rabbitt, Jr., Rabbitt and Pitzer, St. Louis, MO, for Georgia Eurer.

MEMORANDUM AND ORDER
PERRY, District Judge.
This matter is before the Court on defendant Georgia Euer's motion to disqualify plaintiffs' counsel, James M. McClellan. Plaintiffs have filed a motion in opposition. For the reasons stated below, defendant's motion to disqualify will be granted and plaintiffs' motion in opposition will be denied.
Plaintiffs Andrew Griffen, a minor, and his mother Colleen Freeland, filed suit against defendants Michael Euer,[1] his wife Georgia Euer, and the East Prairie School District. This civil complaint followed Michael Euer's criminal conviction on charges related to the acts alleged in the civil suit. The ten-count civil complaint alleges that Michael Euer, while principal of the Webb Elementary School in East Prairie, Missouri, sexually molested Andrew Griffen, an elementary school student, on eight occasions between the summer of 1990 and December 1992. Plaintiffs allege that four of the events occurred in the Euer home while Georgia Euer was present in another part of the house, and that she knew or should have known of her husband's propensity to molest children. Plaintiffs claim that Georgia Euer breached a duty to supervise Andrew Griffen when he was present in her home. Plaintiffs allege that three events occurred on school property and one occurred following a field trip. Plaintiffs claim that the East Prairie School District recklessly hired and promoted Mr. Euer, failed to adequately monitor Mr. Euer, and failed to take appropriate action upon receiving information that Mr. Euer was molesting children. Plaintiffs assert claims under 42 U.S.C. § 1983, alleging violations of the Fourth, Ninth and Fourteenth Amendments of the United States Constitution, and under various state-law theories. Defendant Georgia Euer has moved to disqualify plaintiffs' counsel.

I. Facts Relevant to Disqualification

Defendant Georgia Euer filed this motion to disqualify plaintiffs' counsel, James M. McClellan, on the ground of conflict of interest based on former representation. Mrs. Euer states that she consulted Mr. McClellan regarding the criminal charges against her husband. She and her husband did not ultimately retain Mr. McClellan, however she asserts that an attorney-client relationship was formed by the consultation. She further asserts that Mr. McClellan is barred from representing a party with interests adverse to hers in this substantially related matter.
In her affidavit Mrs. Euer states the following contacts occurred with Mr. McClellan in March 1993[2]: (1) Georgia Euer had two face-to-face meetings with Mr. McClellan in his office, (2) Georgia Euer had one telephone conversation with Mr. McClellan, (3) Georgia Euer received by mail from Mr. McClellan a retainer contract and a copy of an article, and (4) Mr. McClellan met with Michael Euer at the jail in Charleston, Missouri. Mrs. Euer states the purpose of these contacts was to discuss Mr. McClellan's representing Mr. Euer on the pending criminal charges and that they discussed the charges and Mr. Euer's defense. Mr. McClellan acknowledges he met once with Mrs. Euer and once with Mr. Euer. He further acknowledges that he sent her an article and a proposed contract. He states the purpose of the contacts was to discuss the Euers' dissatisfaction with their then-counsel, and that he refrained from any discussion of case specifics. *1253 Both parties state that the Euers did not retain Mr. McClellan's firm because they were unable to provide the retainer fee.
Plaintiff Colleen Freeland states by affidavit that she was satisfied that there is no conflict of interest.

II. Legal Standards

Local Rule 12.02 of the United States District Court for the Eastern District of Missouri adopts the "Code of Professional Responsibility adopted by the Supreme Court of Missouri." See E.D.Mo. Local Rule 12.02. The Supreme Court of Missouri adopted the Rules of Professional Conduct (Model Rules) effective January 1, 1986. See Mo.Sup.Ct.R. 4. This Court has determined that the local rule intends to apply the Model Rules. Gilmore v. Goedecke Co., No. 4:95CV2472 CDP (E.D.Mo. May 10, 1996); See also Harker v. Commissioner, 82 F.3d 806, 807 (8th Cir. 1996).
Rule 1.9 of the Model Rules governs conflicts of interest with former clients. Rule 1.9(a) forbids a lawyer "who has formerly represented a client in a matter" from
represent[ing] another person in the same or a substantially related matter in which that person's interests are materially adverse to the interests of the former client unless the former client consents after consultation.
Mo.Sup.Ct.R. 4, 1.9(a).
Motions to disqualify opposing counsel are subject to "particularly strict judicial scrutiny." Harker, 82 F.3d at 807 (citation omitted). Doubts should be resolved in favor of disqualification. Bennett Silvershein Assoc. v. Furman, 776 F.Supp. 800, 802 (S.D.N.Y. 1991); Coffelt v. Shell, 577 F.2d 30, 32 (8th Cir.1978) (per curiam). The party seeking disqualification carries a "heavy burden." Silvershein, 776 F.Supp. at 802.
The substantial relationship test governs claims for disqualification based on former representation. In re American Airlines, Inc., 972 F.2d 605, 614 (5th Cir.1992), cert. denied, 507 U.S. 912, 113 S.Ct. 1262, 122 L.Ed.2d 659 (1993); Mo.Sup.Ct.R. 4, 1.9(a). The two-part test requires the party seeking disqualification to show (1) an attorney-client relationship existed and (2) there is a substantial relationship between the subject matter of the present and former representations. Id.; Fred Weber, Inc. v. Shell Oil Co., 566 F.2d 602, 607-08 & 608 n. 7 (8th Cir. 1977), cert. denied, 436 U.S. 905, 98 S.Ct. 2235, 56 L.Ed.2d 403 (1978), overruled on different grounds, In re Multi-Piece Rim Products Liability Litigation, 612 F.2d 377 (8th Cir.1980). The substantial relationship test protects the client's interest in both loyalty and confidentiality. In re American Airlines, Inc., 972 F.2d at 618. The provision of legal advice on a substantially related matter by itself requires disqualification. Id. at 619. Having demonstrated a substantial relationship, the movant is not required to show the actual confidences entrusted to the attorney. T.C. Theatre Corp. v. Warner Bros. Pictures, 113 F.Supp. 265, 269 (S.D.N.Y.1953)

III. Discussion

Plaintiffs do not contest that Mrs. Euer has satisfied the second prong of the substantial relationship test, and it is evident that the subject matter of this action for civil damages is substantially related to the preceding criminal charges. Plaintiffs have raised three arguments in opposing defendant's motion to disqualify: (1) Mrs. Euer lacks standing to request disqualification; (2) Mr. McClellan never represented the Euers; and (3) Mrs. Euer has failed to produce evidence that confidential information was exchanged. The Court addresses each in turn.

A. Standing
Plaintiffs assert that Georgia Euer lacks standing to seek disqualification. To have standing to raise an issue before the Court, a party must show an "injury in fact" and a causal connection between the injury and the conduct in issue. Lujan v. Defenders of Wildlife, 504 U.S. 555, 560-61, 112 S.Ct. 2130, 2136-37, 119 L.Ed.2d 351 (1992); O'Connor v. Jones, 946 F.2d 1395, 1400 (8th Cir.1991) (holding that party seeking disqualification of counsel must have standing on that issue). In the present case, Mrs. Euer claims she provided plaintiffs' counsel with *1254 confidential information relevant to the civil suit in which she is named. The Court finds that she has standing to raise the conflict of interest.
Plaintiffs cite Gilbert v. Knoxville Int'l Energy Exposition, 547 F.Supp. 53 (E.D.Tenn. 1982) for the proposition that Mrs. Euer lacks standing to object to Mr. McClellan's representation of plaintiffs. The District Court in Gilbert was faced with an argument to disqualify counsel based upon a conflict with an unnamed party. The Court found that under that circumstance there was no cause to disqualify counsel, because the adversely affected interest was not a party. Id. at 54. Clearly, in the present matter, Mrs. Euer is a named party whose interest could be adversely affected by Mr. McClellan's representation of the plaintiffs.

B. Attorney-Client Relationship
Plaintiffs assert that Mrs. Euer has failed to establish that an attorney-client relationship existed. To support their claim, plaintiffs note that the Euers never retained Mr. McClellan.
An attorney-client relationship can be established even though the attorney is not ultimately retained. Silvershein, 776 F.Supp. at 803. An implied professional relation results from a "preliminary consultation by a prospective client with a view to retention of the lawyer, although actual employment does not result." Westinghouse Elec. Corp. v. Kerr-McGee Corp., 580 F.2d 1311, 1319 (7th Cir.), cert. denied, 439 U.S. 955, 99 S.Ct. 353, 58 L.Ed.2d 346 (1978). See also ABA Formal Op. 90-358 (Sept. 30, 1990) (concluding that Model Rules protect information imparted by a prospective client even if the representation is declined). The relationship is established when the client believes that she is consulting a lawyer in his professional capacity and manifests her intention to seek professional legal advice. Westinghouse, 580 F.2d at 1319. The evidence establishes that Mrs. Euer consulted Mr. McClellan in his professional capacity for the purpose of seeking his legal advice. She held at least one meeting with Mr. McClellan while Mr. Euer was in jail awaiting trial on pending criminal charges. Mr. McClellan met with Mr. Euer in jail and sent Mrs. Euer a retainer agreement. Therefore, the Court finds that an attorney-client relationship existed.

C. Confidential Information
Plaintiffs assert that Mrs. Euer must establish that confidential information was actually exchanged during her consultations with Mr. McClellan. Because this Court finds that there was an attorney-client relationship, the irrebuttable presumption that confidences were disclosed applies. Fred Weber, 566 F.2d at 608. See also In re American Airlines, Inc., 972 F.2d at 614 (stating irrebuttable presumption arises once substantial relationship is established). The presumption preserves confidentiality by relieving the movant of the burden of disclosing confidences in order to seek disqualification. T.C. Theatre Corp., 113 F.Supp. at 269.
The Court concludes that defendant Georgia Euer has met her burden to satisfy the substantial relationship test of conflict of interest based on former representation. She has established that there was an attorney-client relationship, and that the subject matter of the present representation is substantially related to that of the first. In order to protect the principles of confidentiality and loyalty, it is necessary to disqualify James McClellan.
Accordingly,
IT IS HEREBY ORDERED that defendant Georgia Euer's motion to disqualify plaintiffs' counsel [# 23] is granted.
IT IS FURTHER ORDERED that plaintiffs' motion to deny the disqualification [# 28] is denied.
IT IS FURTHER ORDERED that plaintiffs shall obtain substitute counsel no later than December 2, 1996. No later than December 16, 1996, plaintiffs' new counsel and defense counsel shall jointly file with the Court a new proposed schedule for the remainder of the case.
NOTES
[1] Defendant Michael Euer is currently incarcerated at the Potosi Correctional Center.
[2] At the time of these events Mr. McClellan was a partner in the firm of Dempster, Barkett, McClellan & Edwards. Mr. McClellan has since opened a separate practice.