**United States Court of Appeals**

**FOR THE EIGHTH CIRCUIT**

————————

No. 96-3620

————————

Dennis Harker,                           *

                              *

        Appellant,            *

                              *

      v.                        *   Appeal from the United States

                              *   District Court for the

United States of America;      *   Southern District of Iowa.

Internal Revenue Service,       *

                              *        **[UNPUBLISHED]**

        Appellees.            *

————————

Submitted:  April 7, 1997

Filed:  April 25, 1997

————————

Before McMILLIAN, FAGG, and LOKEN, Circuit Judges.

————————

PER CURIAM.

In 1990, Dennis Harker pleaded guilty to tax evasion.  The Internal Revenue Service (IRS) subsequently assessed substantial tax deficiencies which Harker contested.  In May 1995, the Tax Court issued a decision finding Harker liable for tax deficiencies and penalties.  Two weeks later, before Harker appealed that decision or the IRS commenced assessment and collection of the taxes, Harker filed this voluntary petition under Chapter 13 of the Bankruptcy Code.  He then appealed the Tax Court's decision without posting an appeal bond.  We ultimately affirmed. See Harker v. Commissioner, 82 F.3d 806 (8th Cir. 1996).  In this appeal, Harker challenges the district court's[1] affirmance of the bankruptcy

————————

[1]The HONORABLE CHARLES R. WOLLE, Chief Judge of the United States District Court for the Southern District of Iowa.

court's[2] decision to dismiss the Chapter 13 petition (after Harker failed to convert it to a Chapter 7 proceeding) on the ground that Harker sought Chapter 13 relief in bad faith. We again affirm.

"[A] Chapter 13 petition filed in bad faith may be dismissed or converted 'for cause' under 11 U.S.C. § 1307(c)." <u>Molitor v. Eidson</u>, 76 F.3d 218, 220 (8th Cir. 1996). In this case, following a hearing, the bankruptcy court found that Harker filed his Chapter 13 petition "as a litigation tactic to avoid posting an appeal bond [that was otherwise necessary] to postpone assessment by the IRS"; that IRS is his only unsecured creditor; and that the debt to IRS is a potentially nondischargeable, priority claim. The court then made the ultimate finding that this use of Chapter 13 is inconsistent "with the fundamental goal to reorganize debts" and therefore warrants an order requiring conversion or dismissal under § 1307(c) for bad faith. After careful review of the record, we conclude that these findings are not clearly erroneous. <u>See</u> <u>Noreen v. Slattengren</u>, 974 F.2d 75, 77 (8th Cir. 1992); <u>In re Love</u>, 957 F.2d 1350, 1353 (7th Cir. 1992); <u>In re LeMaire</u>, 898 F.2d 1346, 1349-50 (8th Cir. 1990) (en banc). Accordingly, we affirm.

A true copy.

Attest:

CLERK, U. S. COURT OF APPEALS, EIGHTH CIRCUIT.

---

[2]The HONORABLE RUSSELL J. HILL, United States Bankruptcy Judge for the Southern District of Iowa.